# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS J. AMENDOLA, an individual, FRESNO BEVERAGE COMPANY, INC., a California Corporation, dba Valley Wide Beverage Company,<br><br>Plaintiffs,<br><br>v.<br><br>HOWARD REISSNER, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:11-cv-01001-AWI-SKO<br><br>**ORDER DENYING PARTIES' STIPULATED REQUEST TO SEAL DOCUMENTS**<br><br>(Docket No. 19) |

## I. INTRODUCTION

On April 13, 2012, the parties filed a stipulated request that Defendants Howard and Amy Reissner ("Defendants") be permitted to file under seal certain documents that will be offered in support of a motion for partial summary judgment that Defendants intend to file. (Doc. 19.) For the reasons set forth below, the parties' stipulated request is DENIED without prejudice.

## II. DISCUSSION

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). In the Ninth Circuit, there is a strong presumption in

favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records). The right to access is not absolute and can be overridden where there are sufficiently compelling reasons. *Id.* The strong presumption of access to judicial records "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Ninth Circuit adopted this principle of disclosure because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broad. Co. v. U.S. Dist. Ct. for the Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). As a result, compelling reasons must be shown to seal judicial records attached to a dispositive motion. *Id.* (citing *Foltz*, 331 F.3d at 1136).

In determining whether there are compelling reasons to justify overriding the common law right of public access to judicial documents, courts should consider all relevant factors, including the following:

> the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets . . . . After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Foltz*, 331 F.3d at 1135.

Here, the parties have stipulated to the sealing of particular documents submitted by Defendants. However, the stipulation does not set forth any compelling reasons to seal the documents other than an assertion that Plaintiffs believe the documents contain confidential financial information of Plaintiff Fresno Beverage Company, Inc. and should be filed under seal. To overcome the presumption of access to court records, Defendants must set forth compelling reasons why certain documents to be filed in support of their motion for summary judgment should be sealed.

Further, a request to seal documents that are to be offered in support of a motion for summary judgment should be submitted to the Court contemporaneously with the motion. Here, the request to seal documents was filed prior to the filing of a partial motion for summary judgment that

1  Defendants represent they intend to file. The Court cannot address the request to seal the documents
2  out of the context of the motion for summary judgment.
3      To the extent Defendants wish to renew their Request to Seal Documents, such a renewed
4  request should be filed concurrently with the motion for partial summary judgment to which the
5  sealed documents purportedly relate. In filing the dispostive motion, Defendants should not include
6  the actual documents they are seeking to seal when filing the motion. For example, if Defendants
7  wish to seal Exhibit D to their motion for summary judgment, they should file an "Exhibit D," but
8  Exhibit D should consist only of a document stating that Exhibit D has been lodged with the Court
9  pending the Court's decision on Defendants' concurrent sealing request.
10     Defendants should also adhere to the requirements of U.S. District Court for the Eastern
11 District of California's Local Rule ("Local Rule") 141 in submitting their sealing request and, if the
12 "Request to Seal Documents" is submitted by e-mail, it should be directed to Chief District Judge
13 Anthony W. Ishii at awiorders@caed.uscourts.gov.
14     As noted above, it appears that the documents to be sealed relate to information about
15 Plaintiff Fresno Beverage Company. (*See* Doc. 19, p. 2). Thus, if Plaintiff Fresno Beverage
16 Company, Inc. wishes to file a statement in support of Defendants' Request to Seal Documents,
17 setting forth compelling reasons to seal the documents, it should do so in the same manner required
18 under Local Rule 141 for filing an opposition to a Request to Seal Documents.

### III.  CONCLUSION

20  1.  The parties' stipulated request to seal documents to be offered in support of a
21      dispositive motion is DENIED without prejudice; and
22  2.  The parties may renew their request for sealing in the manner described above,
23      complying with all the requirements of Local Rule 141 and setting forth compelling
24      reasons to support sealing the documents.

25 IT IS SO ORDERED.

26 **Dated:   April 18, 2012**              /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE